**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4068
_____

ABDULLAH HANEEF IBN-SADIIKA,
Appellant

v.

COUNTY OF ALLEGHENY DEPARTMENT OF COURT RECORDS;
KATE BARKMAN

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:15-cv-01052)
District Judge:  Honorable Mark R. Hornak

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 14, 2016

Before:  AMBRO, SHWARTZ and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: April 19, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Abdullah Haneef Ibn-Sadiika appeals pro se and in forma pauperis from the District Court's order dismissing his complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Because we agree that the complaint fails to state a claim on which relief could be granted, and conclude further that the appeal lacks arguable merit, we will dismiss the appeal pursuant to § 1915(e)(2)(B)(i).

The District Court referred Ibn-Sadiika's complaint to a Magistrate Judge for screening because Ibn-Sadiika sought to file in forma pauperis. The Magistrate Judge concluded that the complaint did not plead a viable cause of action against any defendant, and recommended dismissal. Ibn-Sadiika filed objections. The District Court then adopted the Magistrate Judge's report and recommendation and dismissed Ibn-Sadiika's complaint for the failure to state a claim pursuant to the Prison Litigation Reform Act provisions codified at 28 U.S.C. §§ 1915(e)(2) and 1915A. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In considering a dismissal pursuant to §§ 1915(e)(2) and 1915A, we apply the same de novo standard of review as with our review of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See, e.g., Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "[I]n deciding a motion to dismiss, all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (quotation marks omitted). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Because Ibn-

2

Sadiika proceeded pro se in the District Court, we construe his pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). We may affirm on any ground that the record supports. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

We agree that the complaint fails to state a claim and that the District Court correctly dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Ibn-Sadiika could not plead a viable claim against the Director of the Department of Court Records for allegedly failing to docket his filing, and for allegedly certifying the record on appeal in state court in a way that Ibn-Sadiika says was erroneous. Such acts would not be outside the scope of duties for a court administrator or taken without any jurisdiction, which entitles the Director to quasi-judicial immunity from suit. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 772-73 (3d Cir. 2000). Nor has Ibn-Sadiika adequately pleaded that any county policy, custom, or practice led to a purported constitutional violation related the alleged filing and certification errors at issue in his complaint. See Connick v. Thompson, 563 U.S. 51, 60-61 (2011).

We also agree with the District Court that Ibn-Sadiika's claims for damages against the Director for alleged violations of the Pennsylvania Constitution must fail. See Jones v. City of Phila., 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006) ("[N]either Pennsylvania statutory authority, nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution."). And in any event, with no viable federal claim pleaded in the complaint, it would also have been appropriate for the District Court to decline to exercise supplemental jurisdiction over any potential state law claim. See 28 U.S.C. § 1367(c).

Finally, we conclude further that Ibn-Sadiika's appeal lacks arguable merit. Ibn-Sadiika's objections did not address the Magistrate Judge's clearly stated reasons for recommending dismissal, and yet Ibn-Sadiika still sought to pursue this appeal after the District Court dismissed his case.

For these reasons, we will dismiss the appeal.